**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5363

August 29, 2011

RE: <u>CV 11-03876 PSG</u>        <u>DAVID STEBBINS-v- GOOGLE, INC.</u>

---

Default is declined as to defendant **Google, Inc**. on August 26, 2011.


RICHARD W. WIEKING, Clerk

*Betty Walton*
by: <u>Betty Walton</u>
Case Systems Administrator

DEFAULT DECLINED
AUG 2 6 2011
RICHARD W. WIEKING, CLERK
BY  ALBERT J YOUNGER
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS                      PLAINTIFF

V.             CASE NO. 11-03876

GOOGLE, INC.                     DEFENDANTS

## MOTION FOR DEFAULT

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion for default, pursuant to Fed. R. Civ. P. Rule 55(a).

According to the docket files on Pacer, the Defendants had until August 22, 2011 to respond to the motion to confirm the arbitration award. It is now August 23, 2011, as of the time of this mailing, and the Defendants have not yet done so.

One plausible explanation for their default is that the person who first received the motion to confirm the arbitration award was a common employee – not a member of the legal division – who did not understand the legal significance of the documents. After all, I only served the Defendants via first class mail to their main mailing address; there is no guarantee, by a long shot, that the person responsible for receiving *that* mail would understand the legal significance of the documents in question.

If service were required under Fed. R. Civ. P. Rule 4, rather than Rule 5, service would have been made on an officer of the corporation specifically authorized to receive service of summons. See Fed. R. Civ. P. Rule 4(h)(1)(B). Such a person *would* understand the legal significance of the documents in question, and thus would know not to ignore them.

I find this to be the most plausible explanation because it would simultaneously explain why the Defendants ignored my invitation to arbitrate in the first place.

If this ends up being the reason, then perhaps they can move to vacate the default



judgment pursuant to Fed. R. Civ. P. Rule 60(b)(1). Until such a motion is filed, however, default is proper.

Of course, it is not like an explanation needs to be presented. As I said before, this court does not have the authority to deny confirmation of an arbitration award *sua sponte*. Previously, I relied on persuasive precedent that was not binding on this court; however, I have recently discovered precedent from the California Court of Appeals, which directly binds this court, by way of the Erie Doctrine (which is appropriate, considering that this is a diversity action). Specifically, I am referring to the case of Davis v. Calaway (1975) 48 Cal.App.3d 309, 311 [121 Cal.Rptr. 570).

> "If Klubnikin did not serve and file a petition to vacate or a response to California Fair Plan's petition to confirm within the 100-day period from the date of service of the award as prescribed in Code of Civil Procedure sections 1288 and 1288.2, the award must be treated as final."

If you need one final push in my favor, try this one on for size: I understand that courts are supposed to be separated from the tyranny of the majority – hence why they serve life terms. However, I understand that judges still at least defer to public opinion. Case in point: Same-sex marriage. Courts are finally starting to listen to gay rights activists, largely because homosexuals are becoming more and more tolerated in modern society.

Believe it or not, I actually *do* have public support in what I am doing, here. I wish to provide you a link to a news website article from www.seattlepi.com that documented my attempt to do the same thing to Microsoft as I am currently doing to Google. Here is the link: http://blog.seattlepi.com/microsoft/2011/08/19/xbox-live-user-says-microsoft-owes-him-500-billion/

As you can see, the article clearly tries to make me out as some kind of monster, but more importantly, look not at the article itself, but at the *comments* that people made about the story.

Unfortunately, when I tried to print this article to mail to you, it would not print the comments, which is why I must give you a link to this webpage.

The comments themselves are mixed reactions, some supporting me, some insulting me. However, there is one thing that is relatively consistent about these comments: The popularity.

The comments that support me have generally high popularity, while the comments that oppose me have generally low popularity. In fact, take a look at the highest-rated comment on that webpage. This person who wrote that comment said that I should be regarded as a hero for what I'm doing! A *hero*!

To the extent that it assists you in interpreting the law, please defer to that unofficial public opinion poll.

Wherefore, I respectfully pray that the Defendants be listed in default for failing to answer. It is so requested, on this 23rd day of August, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com