

FILED

AUG 3 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID STEBBINS,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>               Defendant. | Case No.: C 11-03876 PSG<br><br>**ORDER THAT CASE BE REASSIGNED AND RECOMMENDATION THAT CASE BE DISMISSED** |

    Pending before the court is Plaintiff's Application to Proceed *In Forma Pauperis*.[1] Based on the application and the file herein,

    IT IS HEREBY ORDERED that this case be reassigned to a District Judge[2] with the recommendation that the case be dismissed with prejudice.

    A federal court must dismiss a case such as this if the court determines that the case is: 1) frivolous; 2) fails to state a claim on which relief may be granted; or seeks 3) monetary relief against

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).

a defendant who is immune from such relief.[3] In the present case, Plaintiff has filed no complaint and has instead filed a "Motion to Confirm Arbitration Award."[4]

The court finds that this case is frivolous. Plaintiff attempts to bind this court to confirm an arbitration award that never was. He claims that under 9 U.S.C. § 9, the court must grant his motion to confirm and does not have the authority to deny the motion *sua sponte*. Plaintiff fails to note that the code section he cites is premised on the parties having agreed "that a judgment of the court shall be entered upon the award made pursuant to the arbitration."[5] There is no provision that allows for confirmation of arbitration where, as in this case, there never was an arbitration agreement between the parties and no arbitration ever took place.

Plaintiff's sole basis for his purported right to confirmation of the "arbitration award" are two emails that he sent to You Tube, via You Tube's general service email address (service@youtube.com). In the first email, Plaintiff states that the email "is a contract" between he and Google, that he is notifying Google of changes to the terms surrounding his You Tube accounts, and that "all disputes" between he and Google "shall be held to binding arbitration."[6] Plaintiff's email continues with a "Forfeit Victory Clause" which states:

> If you do not accept my invitation to arbitrate within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits. No actual arbitration award need be entered; I simply win, automatically, without having to go to arbitration. However, this will only apply to me.[7]

In the second email, Plaintiff tells Google that if it does not respond to his demand within a day, it "loses."[8] Plaintiff fails to allege any facts that even remotely suggest that YouTube/ Google took up

---

[3] *See* 28 U.S.C. § 1915(e)(2).

[4] *See* Plaintiff's Motion to Confirm Arbitration Award (Docket No. 1) (hereafter "Motion to Confirm").

[5] *See* 9 U.S.C. § 9.

[6] *See* Motion to Confirm, Ex.B at 2.

[7] *Id.*

[8] Specifically, Plaintiff's second email states: "Dear Google, Here, print this out, fill it out, scan it, and send it back to me by this time tomorrow, or else you loose (sic), automatically, via the forfeit victory clause in our agreement." Motion to Confirm, Ex. C at 2.

Plaintiff's invitation to enter into an agreement, let alone entered into arbitration over it.

Plaintiff ignores the key term appearing throughout 9 U.S.C. § 9, which is "award." Section 9 clearly states that judgment "shall be entered *upon the award made pursuant to the arbitration.*"[9] There never was an award here, and Plaintiff's law suit seeking to collect $500,000,000,000.00 for confirmation of the nonexistent award is frivolous and without merit.

Dated: 8/31/2011

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See* 9 U.S.C. § 9 (emphasis added).

ORDER, *page 3*