RECEIVED
SEP 02 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 11-

| | |
|---|---|
| *in re* David Stebbins ) | On petition for |
| *pro se* Petitioner ) | writ of mandamus |
| ) | |

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Petitioner David Stebbins, who respectfully submits the following petition for writ of mandamus against Richard Weiking, in his official capacity as Clerk of the United States District Court for the Norther District of California ("Respondent").

1. Pursuant to FRAP Rule 21(a)(2)(B)(i), I respectfully seek a writ of mandamus ordering Respondent to grant my motion for default in the case of Stebbins v. Google, Inc.

2. Pursuant to FRAP Rule 21(a)(2)(B)(ii), I respectfully state that the issue presented in this petition is that Respondent has been called upon to perform a plain and specific duty, which required by law, and has failed to do so.

3. Pursuant to FRAP Rule 21(a)(2)(B)(iii), I respectfully submit the following statement of facts necessary to understand the issue presented by this petition.

    (a) On August 8, 2011, I mailed to the United States District Court for the Northern District of California ("District Court") a motion to confirm arbitration award against Defendants Google, Inc.

    (b) The motion was received by the District Court on August 15, 2011 and was assigned the case number of 11-3876.

    (c) I served the Defendants via mailing a true and correct copy of my motion to confirm

arbitration award to the Defendants, using first class mail. Such service is sufficient when the arbitration award was in the adverse parties' home state. See 9 U.S.C. § 9, where the law states in pertinent part, "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."

(d) Because I mailed the motion to both the Court and Defendants on August 8, 2011, the Defendants were given until August 22, 2011 to respond. See Fed. R. Civ. P. Rule 5(b)(2)(C), "A paper is served under this rule by... mailing it to the person's last known address — <u>in which event service is complete upon mailing</u>." Underlined for emphasis.

(e) The Defendants did not respond to the motion to confirm the arbitration award within the allotted time.

(f) On August 23, 2011, I mailed the District Court an *ex parte* motion for default, pursuant to Fed. R. Civ. P. Rule 55(a). The District Court received this motion on August 26, 2011.

(g) On August 29, 2011, Respondent declined to enter default as to Defendants Google, Inc. No explanation was even attempted at why default was being declined.

4. Pursuant to FRAP Rule 21(a)(2)(b)(iv), I respectfully submit the following motion for why the petition should be granted.

(a) Under Rule 55(a) of the Federal Rules of Civil Procedure, a clerk must list a party in default if it has failed to plead or otherwise defend.

(b) Listing a defendant in default for failing to plead is a plain and specific duty, which is

required by law.

(c) Rule 55(a) of the Federal Rules of Civil Procedure state in pertinent part that, if the prerequisite conditions are met, "the clerk must enter the party's default." The word "must" in this rule clearly implies a lack of discretion.

(d) In the instant case, the Defendants were sufficiently served with the motion to confirm arbitration award, and they did not respond in opposition to the motion within the allotted time. I clearly stated this in my motion for default. Therefore, I **have a clear and unequivocal right to default on the part of the Defendants.**

(e) Petition for writ of mandamus should not be granted if there are adequate alternative remedies available, such as appeal. See *Kerr v. United States District Court*, 426 U.S. 394 (1976).

(f) In this case, no adequate relief can be obtained by other means. I cannot file an appeal because the order is not a final judgment. Furthermore, to wait out the entire litigation, and go through the expense of proving my case, just to obtain a final judgment which I can appeal would defeat the core purpose of obtaining default.

Wherefore, premises considered, I respectfully pray you issue a writ of mandamus ordering the Respondent to grant my motion for default.

It is so respectfully submitted on this 29th day of August, 2011.

David Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

No. 11-

| | |
|---|---|
| *in re* David Stebbins<br>*pro se* Petitioner | On petition for<br>writ of mandamus |

## CERTIFICATE OF SERVICE

I, *pro se* Petitioner David Stebbins, hereby certify under penalty of perjury that a true and correct copy of the Petition for Writ of Mandamus was served on the Respondent and Court by mailing a copy thereof to the below name and address on the 30th day of August, 2011.

United States Courthouse
ATTN: Richard Weiking & Paul Grewal
280 South 1st Street
4th Floor, Room 4093 & 4095
San Jose, CA 95113

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
ATTN: Richard Weiking
ATTN: Paul Grewal
280 S. First St.
4th Floor, Room 4093 & 4095
San Jose, CA 95113