# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA



DAVID STEBBINS

PLAINTIFF

V.   CASE NO. 11-03876

GOOGLE, INC.

DEFENDANTS

## OBJECTION TO RECOMMENDATION OF DISMISSAL

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following objection to Hon. Grewal's recommendation that the case be dismissed for being frivolous.

Hon. Grewal errs in finding that § 9 of the Federal Arbitration Act only binds the Court to not deny confirmation of an arbitration award *sua sponte* if there is an arbitration agreement to begin with. He bases his belief on the first part of the section, which states that "If the parties in their agreement have agreed," which he alleges to state that, if there is no agreement, the court still has *sua sponte* jurisdiction. However, if he continues to read the remainder of the claim, he will find the following: "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

Therefore, what Hon. Grewal takes as a prerequisite to the confirmation is in fact a prerequisite to the court's personal jurisdiction. These are two completely different things.

In the case of *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), the Petitioners filed a motion in the District Court to stay and enjoin arbitration, pursuant to 9 U.S.C. § 3. This is a perfectly adequate remedy, and thus, *sua sponte* court intervention is unnecessary. In keeping with the spirit of arbitration, court interference should be kept to a minimum, whenever possible. It is possible to refrain from *sua sponte* denial of confirmation of an arbitration award, without prejudice to the other party, because the other party has adequate

remedies at his disposal in a motion to stay arbitration.

Hon. Grewal next errs in asserting that no arbitration took place. This is a claim for the arbitrator to decide. It is a change in arbitration procedure, and the arbitrator must decide arbitration procedure. In the year 2000, the Uniform Arbitration Act underwent an overhaul, and § 15(a) of the new Uniform Arbitration Act states flat-out that the arbitrator decides arbitration procedure.

If the Court is still uneasy about this, they should compel arbitration to decide that validity.

There *is* an arbitration award, in this case; it is merely in an unorthodox format. The arbitration award in this case takes the form of the arbitration invitation coupled with the forfeit victory clause. There is no law saying that a party cannot waive the right to an actual arbitration *hearing*.

Besides, the Defendants are time-barred from challenging the arbitration award on the basis of its form. Either the contract was never accepted, and thus it would be moot, anyway, or the Defendants are time-barred from challenging the validity of the arbitration award on the grounds of the form it takes. See *MCI Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F.3d 426 (1st Cir. 1998).

> "Of course, if a court later determines that an arbitration agreement was in effect, and that the non-appearing party was bound by its conditions, the FAA would then fully come into operation, including the time limitations of section 12."

Therefore, just by nature of finding this issue to be relevant at all, the Defendants are already time-barred from it, rendering the merits of the issue moot, one way or another.

Third, the Defendants are time-barred from challenging the arbitration award, even on the grounds of the nonexistence of the arbitration agreement. See *MBNA Am. Bank, N.A. v. Belleisle*,

No. DV-04-4, 2005 Mont. Dist. LEXIS 1119, at *9-10 (Mont. Dist. Ct. Apr. 26, 2005); *MBNA Am. Bank, N.A. v. Terry*, No. L-05-1220, 2006 WL 513952, at *2 (Ohio Ct. App. Mar. 3, 2006); *Webb v. MBNA Am. Bank*, No. 1:04-cv-107GH, 2005 WL 2648019, at * 1 (E.D. Ark. Oct. 13, 2005); *Brust v. MBNA Am. Bank, N.A.*, No. 2-04-294-CV, 2005 WL 1047583, at *1 (Tex.App.-Fort Worth May 5, 2005); *NCO Portfolio Mgmt v. Williams*, No. 21306, 2006 WL 2939712, at *3 (Ohio Ct. App. Oct. 13, 2006); *MBNA America Bank, NA v. Akers*, Tenn: Court of Appeals 2009; *Local 589, Amalgamated Transit Union et al. v. Mass. Bay Trans. Auth.*, 491 N.E.2d 1053, 1056 (Mass. 1986); *Brown v. Moylan*, 509 A.2d 98, 98 (D.C. 1986).

There are a few cases that have held that the FAA is not triggered until there is an agreement to arbitrate, such as *MCI Telecomms. Corp. v. Exalon Indus. Inc.*, 138 F.3d 426, 429 (1st Cir. 1998), *Danner v. MBNA America Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007), *MBNA America Bank, N.A. v. Boata*, 893 A.2d 479. (Conn. App. Ct. 2006), and *NCO Portfolio Management Inc. v. Gougisha*, Nos. 07-CA-604, 2008 WL 1970319 (La. Ct. App. Apr. 29, 2008). However, these case laws conflict with the United States Supreme Court case of *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008). That case forbids any kind of expansion of the narrow grounds upon which to vacate an arbitration award. This is exactly what cases such as *MCI* and *Danner* do; they expand the time requirements imposed by 9 U.S.C. § 12, when the statute does not provide for it.

Further proof that there is not supposed to be any extension of time for "no agreement to arbitrate" challenges can be found in the Uniform Arbitration Act, both the 1955 version and the 2000 version. Both versions allow for extensions when the award was procured by corruption, fraud, or other undue means. However, neither version provides for an extension of time based on the nonexistence of an arbitration agreement. By comparison, both versions of the UAA

expressly provide an exception for when the Court may order a new arbitration, stating that the Court may not do so whenever the award is vacated based on the nonexistence of the arbitration agreement. By putting it in that part of the statute, but not listing it as an exception to the time requirement, the drafters clearly had no intention of extending the time frame for such a situation, even though (at least in the 2000 version) the MCI case should have made them aware of the possibility of such an issue.

Fourth and finally, Hon. Grewal errs in finding that I have failed "to allege any facts that even remotely suggest that Youtube/Google took up [my] invitation to enter into an agreement"

Hon. Grewal apparently *misunderstands* my argument. Defendants reserve the right, and exercise it constantly, to amend the terms at any time. I do not even have to be subjectively *aware* of the terms; it is my responsibility to regularly view the terms of service to see if any of them have been changed. Simply using the service, and not severing the contractual relationship with them, constitutes my acceptance.

There is *no law* that states that I cannot do the same to them. The Court must make specific conclusions of law when it passes its ruling. See Fed. R. Civ. P. Rule 52(a). Therefore, I ask that this court actually cite law that states that what they do to me, I cannot also do to them, as opposed to simply saying "Umm, no, that doesn't work."

Hon. Grewal implies that there is no meeting of the minds in this case. However, a meeting of the minds, in the purest sense, is not required. The reason for this is because the contract – or at least the uncensored portions thereof – is clear and unambiguous to the point that the Defendants have no excuse for not understanding the terms other than their failure to actually *read* them.

Do I even *have* to cite case law that states that failure to read a contract is not a defense to

it?

    For all of these reasons, I respectfully pray that Hon. Grewal's recommendation of dismissal be ignored. It is so requested on this 1st day of September, 2011.

*David Stebbins*

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com