UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS

PLAINTIFF

VS.                     CASE NO. 11-03876-LHK

GOOGLE, INC.

DEFENDANTS

## ADDITIONAL SUPPLEMENT TO
## OBJECT TO RECOMMENDATION OF DISMISSAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following additional supplement to my objection to Hon. Grewal's Recommendation that the case be dismissed.

As you are well aware, I am relying on the common practice that websites often use of modifying the terms of service, unilaterally, and with little to no notice, to establish a cause of action in this case.

I have recently discovered some Ninth Circuit case law that is directly on point in this issue: The case of Douglas v. Talk America, Inc., No. 06-75424 (9th Cir. July 17, 2007). In this case, the Ninth Circuit rejected a unilateral amendment to a website terms of service, but if you continue to read the opinion, you will find that the *reason* they struck it down is because Douglas received no notice of the change.

The Ninth Circuit even stated that consent can, indeed, be implied in continued use of the service, provided they've received actual notice.

The Ninth Circuit even went on to clarify the importance of actual notice. Near the bottom of page five (5) of the opinion, the Court stated the following:

> "Crawford v. Talk America, Inc. and Bischoff v. DirecTV, Inc., on which the district court relied, are not to the contrary. The customers in these cases received notice of the modified contract by mail. The service provider in Bischoff mailed the contract to the customer, and the service provider in Crawford gave notice to the customer that she could see the contract terms online or call the service provider to learn of the terms."

Internal citations ommitted.

In the instant case, the Defendants received notice of my contractual revision by email. They were *notified* of the change.

Admittedly, the The Ninth Circuit held that unilateral amendments to contracts must be assented to by the other party. However, they also held that consent to the terms can, indeed, be implied when use of the service is continued thereafter, assuming the party received actual notice.

In that case, the Ninth Circuit did cite a California case law that states that arbitration clauses in revised contracts are unenforceable, even when the other party received notice in the mail. However, this case law is preempted by the Federal Arbitration Act because it puts arbitration clauses on unequal footing with other provisions of a contract that, by the Ninth Circuit's admission, *can* be assented to by unilateral amendment and continued use of the service. Arbitration clauses must be put on exactly the same footing as any other provision in a contract.

> "What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal "footing," directly contrary to the Act's language and Congress's intent." See Allied-Bruce Terminix Cos. v. Dobson, 513 US 265 (1995).

So as you can clearly see, the case law is in my favor. The only thing keeping most of these unilateral amendments from being enforced are the lack of actual notice to the other party, and that is not present in this case.

Not to mention the Defendants have not appeared or defended, and thus, all facts except damages are admitted by default. See Fed. R. Civ. P. Rule 8(b)(6). This includes their *assent* to

the terms; they have admitted, by default, to their *assent to the terms*. They have admitted to it point blank. What more do you need?

Wherefore, premises considered, I respectfully pray that the arbitration award be confirmed.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

P.S. I apologize for not having Hon. Koh's initials immediately after the case number on the past two documents. By the time I received notice of this requirement, the Post Office had already taken the envelopes for both the Objection to the Report and Recommendation and the supplement to that Objection, and so I had no opportunity to change it.