UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID STEBBINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, INC.,<br><br>　　　　　　Defendant. | Case No.: 11-CV-03876-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND DISMISSING CASE AS FRIVOLOUS |

## I.　INTRODUCTION

On August 8, 2011, Plaintiff filed *in forma pauperis* a motion to confirm arbitration award ("motion to confirm") against Defendant Google, Inc. in the amount of $500,000,000,000.00. *See* ECF No. 10. In support of his motion, Plaintiff invokes the Federal Arbitration Act ("FAA"), which provides that parties may apply to a federal court for confirmation of an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9 (2006). Nowhere, however, does Plaintiff allege that there actually was an arbitration and that he actually obtained an "award made pursuant to [an] arbitration."

Based on Plaintiff's submissions and the relevant law, the Court DENIES Plaintiff's motion to confirm and DISMISSES this case, with prejudice, as frivolous.

///

///

## II. BACKGROUND

### A. Factual Background

Plaintiff alleges that he had two accounts (called "channels") with YouTube, Inc., a company that is owned and controlled by Google. Mot. 2. Plaintiff argues that, under YouTube's Terms of Service ("YouTube Agreement"), the terms may be "unilaterally modified at any time," and that "[i]f the other party does not wish to accept the new terms, they [sic] may sever the contractual relationship." *Id*.[1]

Plaintiff alleges that on March 22, 2011, he attempted to unilaterally change the terms of the YouTube Agreement by emailing YouTube's general service email address ("service@youtube.com") new terms, which included "the names of the parties, the method of accepting the amendment," and an agreement "to hold all legal disputes between [the parties]—even those not related to this contract—to binding arbitration." *Id*. at 3. Plaintiff's email included what he refers to as a "Forfeit Victory Clause," which states:

> If you do not accept my invitation to arbitrate within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits. No actual arbitration award need be entered; I simply win, automatically, without having to go to arbitration. However, this will only apply to me.

Mot., Ex. B, at 2. Plaintiff also alleges that, after Defendant failed to "delete [his] youtube accounts within the 30 day time limit they were allotted," he sent Defendant a second email on May 2, 2011, which was an "invitation to arbitrate a legal dispute for compensatory damages of $500,000,000,000.00." *Id*. at 3. Plaintiff's second email specifically states:

---

[1] A review of the YouTube Agreement, however, indicates that Plaintiff's interpretation of the agreement is inaccurate. The contract reserves *YouTube's* right to unilaterally modify the contract, not *Plaintiff's*:

> YouTube may, *in its sole discretion*, modify or revise these Terms of Service and policies at any time, and you agree to be bound by such modifications or revisions.

Mot. Ex. A, at 1 (emphasis added).

2
Case No.: 11-CV-03876-LHK
ORDER DENYING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

> Dear Google, Here, print this out, fill it out, scan it, and sent it back to me by this time tomorrow, or else you loose [sic], automatically, via the forfeit victory clause in our agreement.

Mot. Ex. C, at 2. Plaintiff argues that, because Defendant failed to "accept the invitation to arbitrate," the Forfeit Victory Clause in his first email compels this Court to confirm an "arbitration award" in the amount of $500,000,000,000.00. *Id*. at 4.

### B. Procedural History

On August 31, 2011, Magistrate Judge Grewal ordered that the case be reassigned to a District Judge because the parties did not consent to proceed before a Magistrate Judge. Order that Case be Reassigned and Recommendation that Case be Dismissed ("Aug. 31 Order"), ECF No. 7 at 1 (citations omitted). Judge Grewal noted in his Aug. 31 Order that Plaintiff had not filed a complaint but instead filed a "Motion to Confirm Arbitration Award." Aug. 31 Order 2. Finding that the motion was "frivolous," Judge Grewal recommended dismissal on the grounds that: (1) the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which applies to an "award made pursuant to the arbitration," is inapplicable as a matter of law because the instant case involves no arbitration award; and (2) Plaintiff fails to allege any facts that "even remotely suggest that YouTube / Google took up Plaintiff's invitation to enter into an agreement, let alone entered into arbitration over it." *Id*. at 2-3.

Plaintiff filed an "Objection to Recommendation of Dismissal," a "Supplement to Objection to Recommendation of Dismissal," and an "Additional Supplement to Object to Recommendation of Dismissal" on September 6, 2011. *See* ECF No. 10-12. On September 8, 2011, Plaintiff also filed a "Third Supplement to Object to Recommendation of Dismissal. *See* ECF No. 13.

### III. LEGAL STANDARDS

Absent the consent of all parties, a Magistrate Judge does not have authority to make dispositive rulings. *See*, *e.g.*, *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988); *see also Mora v. Wachovia Mortg.*, No. 11-C00109, 2011 WL 198160, at *2 (N.D. Cal. Jan. 14, 2011). In the instant case, the parties did not consent to a Magistrate Judge. Where, as here, a party to an action objects to a Magistrate Judge's findings or recommendations, a judge of the federal district court "shall make a *de novo* determination" pursuant to 28 U.S.C. § 636(b)(1)(C). *Dawson v. Marshall*,

3

Case No.: 11-CV-03876-LHK
ORDER DENYING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

561 F.3d 930, 932 (9th Cir. 2009). Thus, the Court will review Magistrate Judge Grewal's Order *de novo*.

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B) (2006), the Court must dismiss an *in forma pauperis* action if the Court finds that the action "fails to state a claim on which relief may be granted" or that the action is "frivolous or malicious" *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint, containing as it does both factual allegations and legal conclusions, is "frivolous" where it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). As the United States Supreme Court has explained:

> [the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit . . . . [It affords] judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to *pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless*.

*Neitzke*, 490 U.S. at 327-28 (emphasis added). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id*. at 324.

**IV.    ANALYSIS**

The Court reviews Magistrate Judge Grewal's recommendations contained in his Aug. 31 Order *de novo*. *Dawson*, 561 F.3d at 932. The Court construes Plaintiff's Motion to Confirm as a complaint, subject to the same standards of procedure and review. *See Jones v. U.S. Dep't of Justice*, No. Civ. A. 02–M–20562003, 2003 WL 24303731, at *2 (D. Colo. 2003).

**A. Plaintiff's Complaint Fails to State a Claim Under the Federal Arbitration Act.**

Invoking the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, Plaintiff argues that "this court does not have the authority to deny this motion to confirm an arbitration award *sua sponte*." Mot. 1; Objection to Recommendation of Dismissal, ECF No. 10, at 1; Supplement to Objection to Recommendation of Dismissal, ECF No. 11, at 1).

4

Case No.: 11-CV-03876-LHK
ORDER DENYING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

The FAA provides that parties may apply to a court for confirmation of an arbitration award "*[i]f the parties in their agreement have agreed* that a judgment of the court shall be entered upon the *award made pursuant to the arbitration*." 9 U.S.C. § 9 (2006) (emphasis added). The FAA does not specify procedures to be used in conducting an arbitration, and in general, arbitrations do not require the same procedural protections as judicial proceedings. *Sunshine Mining Co. v. United Steelworkers of Am.*, 823 F.2d 1289, 1295 (1987). However, as the Ninth Circuit recognized in *Sunshine Mining Co.*, the arbitrator must grant the parties a "fundamentally fair hearing," that meets "the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Id*. at 1295 (internal citations omitted). Thus, absent the existence of an "award made pursuant to the arbitration," wherein the arbitrator must grant the parties a "fundamentally fair hearing," 9 U.S.C. § 9 is inapplicable as a matter of law to compel the Court's confirmation of an alleged award. *See id*.

As Judge Grewal noted, Plaintiff does not allege that he obtained an award pursuant to arbitration. *See* Mot. 3-4. Nor does Plaintiff allege the existence of any arbitration proceeding, much less one in which the arbitrator granted the parties a "fundamentally fair hearing." *See id*.; *see also Sunshine Mining Co.*, 823 F.2d at 1295. Instead, Plaintiff argues that he is entitled to what he calls an "arbitration award" of $500,000,000,000.00 obtained as a result of Defendant's failure to respond to an "invitation to arbitrate" emailed to Defendant on May 2, 2011. *See* Mot. 3. Since Plaintiff did not allege the existence of an award pursuant to arbitration, nor the existence of any arbitration proceeding, this Court finds that 9 U.S.C. § 9 is inapplicable as a matter of law. *See Sunshine Mining Co.*, 823 F.3d at 1295.

In his "Objection to Recommendation of Dismissal," Plaintiff states that "[t]here *is* an arbitration award," and cites to a number of cases involving judicial enforcement of arbitration awards of default judgment. Mot. 2-3.

Plaintiff's authorities are inapposite. Even though these cases involve judicial enforcement of default judgments entered in arbitration proceedings, in all but one case (*Prima Paint Corp. v.*

*Flood & Conklin Mfg. Co.*[2]) the courts considered whether to enforce awards made pursuant to *actual* arbitrations. Here, no arbitrator was called, and there was no *actual* arbitration. That is to say, no arbitrator or arbitration panel actually awarded a judgment. Thus, there has been no arbitration proceeding and no award "made *pursuant* to [an] arbitration." 9 U.S.C. § 9 (2006) (emphasis added).

It is not sufficient for the Plaintiff simply to assert, without factual allegations in support, that "[t]here *is* an arbitration award." *See* Mot. 2; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Moreover, Plaintiff cites no authority to support construing Plaintiff's so-called forfeit victory as an award made pursuant to arbitration.

Thus, Section 9 does not compel this Court to grant Plaintiff's motion to confirm. Accordingly, Plaintiff'fails to state a claim on which relief may be granted, and the Court must dismiss the action under 28 U.S.C. § 1915(e)(2)(B).

### B. Plaintiff's Motion is Frivolous.

In an action brought *in forma pauperis*, courts have authority to *sua sponte* dismiss an action as "frivolous" if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Importantly, in an action *in forma pauperis*, courts have not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *See id.* at 319; *see also* 28 U.S.C. § 1915(d) (2006). As stated above, Plaintiff's claim is based on an indisputably meritless legal theory. Additionally, Plaintiff's factual assertion that there is an arbitration award conflicts with his allegation that, under

---

[2] The single case Plaintiff cites to in his Objection to Recommendation of Dismissal that does not involve the enforcement of an award pursuant to arbitration, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), also is inapposite. This case dealt with a court's jurisdiction to compel arbitration under 9 U.S.C. §§ 2-4, not its jurisdiction to enforce an award made pursuant to arbitration under § 9. Thus, Plaintiff does not support his legal theory with any case law.

6

Case No.: 11-CV-03876-LHK
ORDER DENYING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

1   his "Forfeiture Victory Clause," "[n]o actual arbitration award need be entered; I simply win,

2   automatically, without having to go to arbitration." Mot. Ex. B, at 2. It is fundamentally

3   contradictory for Plaintiff to assert the existence of an arbitration award on the basis of a contract

4   clause that states that no arbitration proceeding is to take place, and no award need be entered.

5   Plaintiff's factual contention that there is an arbitration award—i.e., an award pursuant to

6   arbitration and subject to the FAA—is therefore "clearly baseless," frivolous, and subject to

7   dismissal *sua sponte* by this Court. See *Neitzke*, 490 U.S. at 319, 324-25.

## V.  CONCLUSION

Because Plaintiff has stated an indisputably meritless legal theory, and because Plaintiff's factual contentions are clearly baseless, the Court hereby DENIES Plaintiff's motion to confirm arbitration award and DISMISSES, with prejudice, the case for failure to state a claim and as frivolous. The Clerk shall close the file.

**IT IS SO ORDERED.**

October 27, 2011

_____
LUCY H. KOH
United States District Judge